COMMR. OF REVENUES *v.* PACIFIC FRUIT EXPRESS Co.

5-1072                                          296 S. W. 2d 676

Opinion delivered December 3, 1956.

[Rehearing denied January 14, 1957.]

*Herrn Northcutt,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

J. SEABORN HOLT, Associate Justice. In this action appellant sought to collect from appellee an income tax in the amount of $2,842.75. From a decree holding, in effect, that appellee was not subject to the tax comes this appeal. The facts were stipulated and were not in dispute. Appellee was organized under the laws of Utah and is located, with its principal place of business, in California; it owns refrigerator cars which it leases to various railroads throughout the United States; and some of its leased cars, on which appellee paid *ad valorem* tax, moved interstate coming through Arkansas on rail lines of carriers connecting with roads that operated cars leased from appellee. Appellee had no office in Arkansas, had no property in Arkansas with a permanent situs, had no agent or employee in Arkansas, and transacted no business in Arkansas. No shipments of merchandise in cars of appellee originated in this state.

The income of appellee, on which Arkansas bases its right to tax, was derived solely from contracts made in other states for the hire or lease of appellee's cars and used by the contractees in interstate transportation of perishable products. All cars of appellee were delivered to the contractees outside of Arkansas and appellee had no control as to where such cars would be used. There appears to be no question as to the amount of the income tax due Arkansas, if any is due to be paid. The amount of the tax here was based on the percentage of cars moving on carrier lines in Arkansas as applied to the various items of gross income and expenses realized by appellee from all sources applicable to its refrigerator cars, and, of the total cars belonging to appellee in operation in 1954, 0.5435 percent moved within the confines of Arkansas and such percentage was used by appellee in applying to the various items of gross income and expenses in its income tax report.

The issues presented, says appellee, are: "I. The Arkansas Income Tax Law does not impose an income tax on appellee. II. If any such tax is imposed by the law it is unconstitutional and deprives appellee of its property without due process of law, and is an improper burden upon Interstate Commerce."

## I.

Does the Arkansas Income Tax Law impose an income tax on appellee? We hold that it does. The Commissioner of Revenues of Arkansas bases the state's right to recover the income tax here imposed on § 84-2003, Ark. Stats. 1947. Subsection (c) of this section provides: "(c) *On income of Arkansas property of nonresidents.* A like tax is hereby imposed and shall be assessed, levied, collected, and paid, annually, at the rates specified in this section upon and with respect to the entire net income as herein defined, except as hereinafter provided, from all property owned, and from every business, trade or occupation carried on in this State by individuals, corporations, partnerships, trusts or estates, not residents of the State of Arkansas; and

each such non-resident as defined herein shall file income tax returns with the State of Arkansas and pay the tax without distinction, or incident to the laws of such nonresident's resident state; it being the specific intention of the General Assembly that the tax shall be collected from property owned and from the conduct of every business, trade or occupation, whether or not the individuals, corporations, partnerships, trusts or estates are qualified to do business in the State of Arkansas and whether or not such business, trade or occupation shall be conducted in interstate commerce; provided, however, that the payment of the tax shall be based upon net income properly allocated as net income arising from the ownership of property and the conduct of business, trade or occupation in the State of Arkansas . . . (Acts 1929, No. 118 § 3, p. 573; Pope's Digest, § 14026; Acts 1947, No. 135, § 1, p. 319)." Our holding (in 1944) in the case of *McLeod, Comm. of Revenues* v. *Memphis Natural Gas Company*, 207 Ark. 879, 183 S. W. 2d 927, and the principles of law there announced are controlling here. In that case, on facts similar in effect to those presented here, wherein the appellee, a non-resident corporation, owned and operated property in Arkansas — a gas pipe line several miles in length running from Louisiana across the southeast corner of Arkansas into Mississippi at Greenville — we had occasion to construe and apply the above § 84-2003, sub-section (c) as it then existed prior to its amendment by our 1947 Legislature. In 1944 this sub-section (c) provided: ''(c) A like tax is hereby imposed and shall be assessed, levied, collected, and paid, annually, at the rates specified in this section upon and with respect to the entire net income as herein defined, except as hereinafter provided, from all property owned, and from every business, trade or occupation carried on in this State by individuals, corporations, partnerships, trusts or estates, not residents of the State of Arkansas.'' The remainder of this section was added in 1947 and is now in force.

In the McLeod Case above, prior to the amendment, we held: ''1. Taxation — Income Taxes. — Appellee,

a foreign corporation not authorized to do business in this state transporting gas through its pipeline from Louisiana fields across the southeast portion of this state selling gas to a distributor to be sold to consumers, is liable for the income tax imposed by the income tax law. Pope's Digest § 14026 (c) (Now § 84-2003) 2. Interstate Commerce —It was not the purpose of the commerce clause of the Constitution of the United States to relieve those engaged in interstate commerce of their just share of the tax burden, merely because the tax incidentally increased the cost of transacting the business. 3. Interstate Commerce — Taxation. — Even if the business of a foreign corporation were wholly interstate commerce, a non-discriminatory tax imposed by a state upon the net income derived from within the state is not prohibited by the commerce clause of Constitution of the United States, whether the corporation has a commercial domicile in that state or not. 4. Taxation — Income Taxes. — Appellee, owning a pipe line and transporting gas across this state which it sells to a distributor to be sold to consumers, is liable for the tax imposed by the statute (Pope's Digest, § 14026) on the net income derived from the business transacted in this state, although it is not commercially domiciled here." In the present case the entire net income tax, on which appellant bases its right to recover in this action, is derived from the non-resident appellee's property, — its cars —, which it owned and which were operated on railroad lines in Arkansas and the tax assessed appears to be on net earnings justly attributable to Arkansas, and certainly we think the authority to impose and enforce such a tax, which we upheld in the McLeod Case, was made even stronger by the above amendment which the Legislature added in 1947 (subsequent to the McLeod opinion) and in which it expressed in no uncertain terms its intent to continue to impose and collect an income tax on non-resident corporations in a situation such as we have here. This sub-section (c) as now constituted says that: ". . . each non-resident corporation . . . shall file income tax returns . . . and pay the tax," without regard to the laws of the state in which such

non-resident resides, ". . . it being the specific intention of the General Assembly that the tax shall be collected from property owned . . . whether . . . the corporations are qualified to do business in the State of Arkansas, or whether such business . . . shall be conducted in interstate commerce; provided . . . that the payment of the tax shall be based upon net income property allocated as net income arising from the ownership of property and the conduct of business . . . in the State of Arkansas." As indicated, we hold that appellee falls within the provisions of the statute and is subject to the tax.

## II.

As pointed out above, the imposition and collection of this income tax was declared constitutional in the McLeod Case. We there said: "But appellee insists that its net income in Arkansas is derived wholly from Interstate Commerce, and that if the Arkansas Income Tax Act of 1929 is construed to apply to appellee's income, it is unconstitutional and void as being in violation of the commerce, the due process and the equal protection clauses of the Constitution of the United States. We sustained the constitutionality of this act in *Stanley* v. *Gates,* 179 Ark. 886, 19 S. W. 2d 1000 . . ."

We conclude that the trial court erred in directing a refund of the money so paid by appellee to appellant and accordingly the decree is reversed and the cause dismissed.